# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 2, 2008

No. 08-30362
Summary Calendar

Charles R. Fulbruge III
Clerk

IN RE: KATRINA CANAL BREACHES LITIGATION

---

MAUREEN O'DWYER; ET AL

Plaintiffs

ASHTON R O'DWYER, JR

Appellant

v.

DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, STATE OF LOUISIANA; JOHNNY D BRADBERRY, Individually and in his official capacity as Secretary of the Department of Transportation and Development, State of Louisiana;

Defendants - Appellees

---

MAUREEN O'DWYER, ET AL

Plaintiffs

ASHTON R. O'DWYER JR

Appellant

v.

No. 08-30362

DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, STATE OF LOUISIANA; JOHNNY D BRADBERRY; STATE OF LOUISIANA; KATHLEEN BLANCO, Governor, both individually and in her official capacity as Governor of the State of Louisiana; LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS; RICHARD L STALDER, Both individually and in his official capacity as Secretary, Department of Public Safety and Corrections;

Defendants - Appellees

MAUREEN O'DWYER, ET AL

Plaintiffs

ASHTON R O'DWYER JR

Appellant

v.

STATE OF LOUISIANA; KATHLEEN BLANCO; DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, STATE OF LOUISIANA; JOHNNY D BRADBERRY; GOVERNOR'S OFFICE OF HOMELAND SECURITY AND EMERGENCY PREPAREDNESS; COLONEL JEFF SMITH; DEPARTMENT OF SOCIAL SERVICES; ANN S WILLIAMS; LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS; RICHARD L STALDER

Defendants - Appellees

Appeal from the United States District Court for the Eastern District of Louisiana, New Orleans
No. 2:05-CV-4182

2

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Ashton R. O'Dwyer, Jr. appeals the district court's Final Appealable Judgment of March 24, 2008, which imposed sanctions against him in the amount of $7,058.50 under Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927 for filing duplicative, frivolous suits. We affirm.

O'Dwyer raises five arguments on appeal: (1) the State may not recover attorneys' fees because its attorneys are salaried employees and, therefore, the State could not incur legal fees; (2) the sum of $7,058.50 was unreasonable; (3) the district judge had a personal bias that "cast a pall over" the judgment; (4) the district court erred by denying his motion for sanctions against the Louisiana Department of Justice for "fraud against the court"; and (5) the district court erred by denying his motion to disqualify the Louisiana Department of Justice from representing the State in all matters involving O'Dwyer.

The notice of appeal in this case only included the district court's final judgment sanctioning O'Dwyer. Regarding the third issue—the personal bias of the district judge—O'Dwyer has filed, and the district court denied, two motions to recuse the district judge. Neither of the motions to recuse is part of this appeal. The fourth and fifth issues raised by O'Dwyer are currently on appeal in case number 07-30349, which is an appeal of the district court's April 3, 2007 Order and Reasons. We will not address issues that are not relevant to this appeal. Accordingly, we consider only O'Dwyer's first two arguments.

O'Dwyer's first argument—that the State cannot incur attorneys' fees because it has a salaried staff of attorneys—has no legal support. To the contrary, we have held that a court may sanction a party by awarding attorneys'

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

fees to a government entity using the prevailing market rate in the relevant legal community. See United States v. City of Jackson, 359 F.3d 727, 733 (5th Cir. 2004); see also Napier v. Thirty or More Unidentified Federal Agents, Employees or Officers, 855 F.2d 1080, 1092 (3d Cir. 1988) ("We have no doubt that the government may recover under Rule 11 when confronted with a frivolous action."). Thus, O'Dwyer's first argument lacks merit.

Second, O'Dwyer claims that the attorneys' fees should be disallowed as unreasonable because the case was overstaffed, the State churned fees, and its briefs included boilerplate language. We review the reasonableness of sanctions under Rule 11 and 28 U.S.C. § 1927 for abuse of discretion. Skidmore Energy, Inc. v. KPMG, 455 F.3d 564, 566 (5th Cir. 2006) (Rule 11); Cambridge Toxicology Group, Inc. v. Exnicios, 495 F.3d 169, 180 (5th Cir. 2007) (§ 1927). The district court considered these same arguments and concluded that they had no merit, adding that they could "be characterized as containing the same kind of vituperative and unprofessional hyperbole about which this Court has admonished Mr. O'Dwyer in the past." O'Dwyer has not presented a persuasive argument as to why this conclusion was based on a clearly erroneous assessment of the evidence.

For the reasons set forth above, we AFFIRM the district court's judgment.